CAUSE NO. DC-21-0469-A

EXHIBIT C

| | | |
|---|---|---|
| KRISTY SANCHEZ-YOUNG, Individually, as the surviving spouse, and as the Representative of the Estate of CHRISTOPHER LADALE YOUNG and, LAURA ANN HOWARD and CLAYTON HOWARD, as surviving parents | ) ) ) ) ) ) ) | IN THE DISTRICT COURT |
| Plaintiffs, | ) ) | _ JUDICIAL DISTRICT |
| v. | ) ) | |
| REYSON TRUCKING LLC and REYNALDO RAFAEL APARICIO | ) ) ) | |
| Defendants. | ) | SMITH COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION AND DEMAND FOR JURY TRIAL**

**COMES NOW** KRISTY SANCHEZ-YOUNG, Individually, as the surviving spouse, and as the Representative of the Estate of CHRISTOPHER LADALE YOUNG and, LAURA ANN HOWARD and CLAYTON HOWARD, as the surviving parents, herein after called Plaintiffs, complaining of REYSON TRUCKING LLC and REYNALDO RAFAEL APARICIO, herein after called Defendants, and for cause of action show unto the Court the following:

### I.  INTRODUCTORY STATEMENT

(1) Reynaldo Rafael Aparicio, while driving a 2012 Volvo tractor trailer and towing a utility trailer, near Tyler, Texas, eastbound on Interstate 20, in the outside right hand lane, failed to notice the flashing hazard lights of Christopher Young's 2006 Chevrolet HHR, which was moving slower than traffic in the same lane.

(2) Reynaldo Rafael Aparicio, failed to control the speed of the 2012 Volvo tractor trailer and towing a utility trailer, and rear-ended Christopher Young's slow-moving 2006

Chevrolet HHR, with flashing hazard lights, causing a collision so violent that the Chevrolet exited the roadway and broke Christopher Young's neck, causing him to die an agonizing death, shortly thereafter.

(3) Kristy Sanchez-Young, as the surviving spouse, and of Christopher Ladale Young and, Laura Ann Howard and Clayton Howard, as the surviving parents, bring the negligence, negligence per se and respondeat superior claims against Reynaldo Rafael Aparicio and Reyson Trucking LLC. to recover for Christopher Young's substantial physical, mental, economic, non-economic injuries and ultimately, wrongful death, proximately caused by the reckless driving of Reynaldo Rafael Aparicio's rear-ending Christopher Young's vehicle.

## II.   DISCOVERY AND CONTROL PLAN LEVEL

(4) Plaintiffs intend to conduct discovery under Level 3, pursuant to the provisions of Texas Rules of Civil Procedure Rule 190.4

(5) Plaintiffs respectfully request that this Court enter and appropriate Scheduling Order so that discovery may be conducted in this case pursuant to Level 3.

## III.   PARTIES AND SERVICES

**A. Plaintiffs.**

(6) Plaintiff Kristy Sanchez-Young Individually, the surviving spouse, and the Representative of the Estate of Christopher Ladale Young, is a Texas citizen and resident of Longview, Gregg County, Texas and at all times relevant hereto, a proper party to bring this action to recover all legally allowable damages for the injuries and subsequent wrongful death of Christopher Ladale Young

(7) Plaintiffs Laura Ann Howard and Clayton Howard, are the surviving parents and residents of Kilgore, Gregg County, Texas and at all times relevant hereto, are also the proper

parties to bring this action to recover all legally allowable damages for the injuries and subsequent wrongful death of Christopher Ladale Young.

### B. Defendants

(8)     Defendant Reynaldo Rafael Aparicio, is an individual, citizen of Florida and may be served with process at 2622 Judge Loop, Kissimmee, Florida.  Defendant Reynaldo Rafael Aparicio, is an employee or agent of Defendant Reyson Trucking LLC and is subject to their control, and is the driver of the subject longer combination of vehicle and trailer, owned, managed, contracted by or operated by Defendant Reyson Trucking LLC.

(9)     Defendant Reyson Trucking LLC, a foreign business entity, organized under Florida law, a licensed corporation, with its corporate address at 2622 Judge Loop, Kissimmee, Florida 34743, and may be served with process by and through its registered agent, Reynaldo Rafael Aparicio, 2622 Judge Loop, Kissimmee, FL 34743.

### IV.     JURISDICTION AND VENUE

(10)    This action is brought pursuant to the Tex. Labor Code Ann. §408.001(b), Texas Wrongful Death Statute, TEX. CIV. PRAC. & REM. CODE § 71.001, et seq., Survival Statute, TEX. CIV. PRAC. & REM. CODE § 71.021, for all other available relief. Both jurisdiction and venue are proper in this cause.

(11)    Subject Matter Jurisdiction is proper under Texas Government Code section 24.007 and the damages sought are within the Court's jurisdictional limits.

(12)    Plaintiffs seek monetary relief greater than $1,000,000; to be determined by a jury, including damages of any kind, penalties, costs, expenses and prejudgment interest. See Tex. R. Civ. P. 47 (c)(5).

(13) Venue in this Court is proper in Tyler, Smith County, Texas because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## V. FACTUAL BACKGROUND

(14) The case arises out of a fatal rear-end collision occurring on the night of January 29, 2021, in Tyler, Smith County, Texas, where the Defendant's tractor trailer rear-ended the decedent's vehicle at a speed near seventy (70) miles per hour.

(15) Decedent Christopher Young was slowly traveling, due to a tire issue, eastbound on Interstate 20, just west of Texas state highway 155, in the far-right lane, nearest to the shoulder of the road, **fully displaying the hazard lights** of the 2006 Chevrolet HHR.

(16) Defendant Reynaldo Rafael Aparicio, drove his Volvo truck and trailer into the back of the 2006 Chevrolet HHR at almost full speed.

(17) The impact was so violent, the 2006 Chevrolet HHR left the roadway and landed in the ditch, south of the roadway, breaking Christopher Young's neck.

(18) Defendant Reynaldo Rafael Aparicio is an experienced professional truck driver.

(19) Defendant Reynaldo Rafael Aparicio, was operating his Volvo truck and trailer combination without the ordinary care and caution, required by law and his training because he admitted, at the scene of the collision, to law enforcement, he "**never saw** the (hazard) lights on the rear of the car".

(20) Defendant Reynaldo Rafael Aparicio's 2012 Volvo truck was equipped with a camera whose footage showed that Decedent Christopher Young was **fully displaying the hazard lights** of the 2006 Chevrolet HHR.

(21) Defendant Reynaldo Rafael Aparicio, failed to maintain a safe distance, failed maintain a safe speed and failed to keep a proper lookout, when he struck Decedent Christopher Young, killing him.

(22)    Decedent Christopher Ladale Young was a husband, loving son, employee and beloved fragrance business owner.

(23)    Defendants Reyson Trucking LLC, is vicariously liable for Defendant Reynaldo Rafael Aparicio's collision with decedent Christopher Young's vehicle because Defendant Reynaldo Rafael Aparicio's was acting within the scope of his employee or agent relationship with Defendant Reyson Trucking LLC.

## VI.    NEGLIGENCE

(24)    The Plaintiffs incorporate the paragraphs set forth above and below as if fully set forth herein.

(25)    Plaintiff alleges that Defendants, Reyson Trucking LLC, and Defendant Reynaldo Rafael Aparicio through their acts and omissions, pursuant to respondeat superior, joint venture, vicarious liability, single business enterprise, vice-principal, alter-ego, apparent/ostensible agency and/or agency by estoppel, as those terms are applied and defined under the laws and the statutes of the State of Texas, were negligent and such negligence was a proximate cause of the incident in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendants, Reyson Trucking LLC, and Defendant Reynaldo Rafael Aparicio:

- (a) Failing to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person under the same or similar circumstances;
- (b) Driver inattention;
- (c) Being distracted in the vehicle;
- (d) In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances;

(e) In failing to make a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

(f) In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

(g) Failing to maintain an assured clear distance in violation of the Texas Transportation Code, Chapter 545;

(h) Failing to take proper evasive action to avoid the collision between Plaintiff and Defendants; and,

(i) Committing other acts of negligence, all of which were a proximate cause of the occurrence in question.

(26) Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the subject incident, the unreasonable, foreseeable risk of death, and premature death of Christopher Ladale Young.

## VII.   DAMAGES FOR PLAINTIFFS

(27) The Plaintiff incorporates the paragraphs set forth above and below as if fully set forth herein.

(28) As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, KRISTY SANCHEZ-YOUNG, Individually, as the surviving spouse, and as the Representative of the Estate of CHRISTOPHER LADALE YOUNG and, LAURA ANN HOWARD and CLAYTON HOWARD, as the surviving parents, suffered injuries, and incurred the following damages:

    (a) Reasonable medical care and expenses in the past. These expenses were for the necessary care and treatment of his injuries resulting from the accident complained of herein and such charges are reasonable and necessary;

    (b) Lost earnings and net accumulations;

    (c) Physical pain and suffering in the past;

    (d) Loss of consortium; e. Past and Future loss of companionship;

    (e) Funeral and Burial expenses;

    (f) Mental anguish in the past; and

    (g) Mental anguish in the future;

    (h) Punitive and exemplary damages;

    (i) All recoverable survival and wrongful death damages on behalf of the Plaintiffs and the Decedent's estates.

(29) Plaintiffs would show this Honorable Court and jury that their damages at the time of filing Plaintiffs' Petition are continuing, but clearly exceed $1,000,000.00 and the minimum jurisdictional limits of this Court, and expressly reserves the right to amend this Petition concerning their damages in the future.

## VIII.   INTEREST

(30) Plaintiffs would additionally show that they are entitled to recovery of Pre-Judgment Interest in accordance with law and equity as part of their damages herein and Plaintiffs here and now sue specifically for recovery of Pre-Judgment Interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## IX. REQUEST FOR DISCLOSURE

(31) Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X. JURY DEMAND

(32) Plaintiffs herein request a jury trial and tenders herewith the required jury fee in accordance with Rule 216, Texas Rules of Civil Procedure.

## XI. PRAYER

**WHEREFORE**, the Plaintiffs respectfully request that judgment for nine million dollars ($9,000,000) be entered in their favor, and against all named Defendants for gross negligence and negligence pursuant to the for pecuniary losses suffered because of Decedent's death including but not limited to punitive damages, funeral expenses, services, consortium, companionship, enjoyment of life, comfort, instruction, guidance, counsel, lost past and future wages, training and support, and losses incurred by Decedent between the time of his injury and death, as well as for the spouses and children of the decedent emotional trauma arising out of tragic and terrifying death, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Roland Witherspoon
Roland Witherspoon
Texas Bar Number 24086097
**WITHERSPOON IP LAW**
7290 Crosswater Ave.
Tyler, TX 75703
(903) 597-2500 (phone)
(903) 597-4500 (fax)
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 9, 2021, a true and correct copy of the above and foregoing Plaintiff's Original Petition was served, via the Court's electronic filing system upon the following:

**VIA E-FILE**
Harry Starrett
111 Northfield Ave., Suite 305,
West Orange, NJ 07052,
Phone: 973-731-7127.
Fax: 973-731-7025.
Email: Starretlaw@aol.com
**ATTORNEY FOR DEFENDANTS**

Reynaldo R. Aparicio
2622 Judge Loop
Kissimmee, FL 34743
**REGISTERED AGENT FOR DEFENDANT REYSON TRUCKING, LLC**


                                            /s/ Roland A. Witherspoon, Jr
                                              Roland Witherspoon